UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
FILED
NOV 23 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-85-GWU

KYLE BARTLEY, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Kyle Bartley brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Bartley, a 53-year-old former laborer and bobcat operator for a steel mill, suffered from diabetes mellitus. (Tr. 19, 21). Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of work at all exertional levels. (Tr. 24). Since the claimant would be able to return to his past work as a laborer as well as perform a significant number of other jobs in the national economy, he could not be considered totally disabled. (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ relied heavily upon the testimony of Vocational Expert Linda Sparrow. The hypothetical question presented to Sparrow included such non-exertional limitations as a need to avoid exposure to hazardous machinery and unprotected heights. (Tr. 151). In response, the witness testified that such a

person could still perform some of Bartley's past laboring work as well as a significant number of other jobs in the national economy. (Tr. 151-152). Therefore, assuming that the vocational factors considered by Sparrow fairly characterized the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly depicted Bartley's physical condition. Dr. Rita Ratliff, an examining source, found "no physical evidence for significant restriction in patient's tolerance of stooping, bending, reaching, sitting, standing, moving about, lifting, carrying, handling objects, or ability to travel . . . " (Tr. 103). The hypothetical factors were fully compatible with this opinion.

Dr. Salem Hanna of the Mountain Comprehensive Health Corporation completed a Medical Assessment of Ability to do Work-Related Activities Form upon which he identified a number of very severe physical restrictions which were related to back pain. (Tr. 93-95). However, Dr. Hanna's progress notes indicate that the physician primarily treated Bartley for diabetes mellitus, rather than for musculoskeletal problems. (Tr. 96-99, 105-108, 119). The doctor repeatedly noted that the plaintiff had good reflexes and that neurological examination was within normal limits. (Tr. 96, 98, 108). The ALJ rejected Dr. Hanna's restrictions as binding because they were not well supported by objective medical data. (Tr. 23). This action would appear appropriate.

Dr. Shane McDougal, a colleague of Dr. Hanna's at the Mountain Comprehensive Health Corporation, also identified a number of very severe physical restrictions which he based on "history." (Tr. 120-122). The physician had seen the plaintiff on only two occasions and his treatment records do not

support such serious limitations.[1] (Tr. 109-118). Thus, the ALJ properly rejected this opinion. (Tr. 23).

Dr. McDougal also completed a Mental Medical Assessment of Ability to do Work-Related Activities Form upon which he identified a number of very severe mental restrictions, including "no useful ability" to deal with work stresses and a "seriously limited but not precluded" ability to interact with supervisors and maintain attention and concentration. (Tr. 123-125). This opinion was rejected by the ALJ because it was not well supported and because Dr. McDougal was not a mental health professional. (Tr. 23). The plaintiff asserts that the ALJ erred in rejecting the uncontradicted opinion of a treating source and asserts that the ALJ should at least have obtained a consultative mental health examination. As previously noted, Dr. McDougal only examined the claimant on two occasions--on August 20, 2003 and again on September 16, 2003 before issuing his very severe mental limitations on September 29, 2003. (Tr. 109-111, 123-125). The progress notes do not indicate that Dr. McDougal diagnosed a mental problem or that the plaintiff even complained of suffering from such during the two office visits. (Tr. 109-118). Dr. Hanna also never reported any mental problems. (Tr. 96-99, 105-108, 119). Therefore, under these circumstances, the Court finds that the ALJ could reject these totally unsupported mental restrictions without taking further action.

The Court notes that Bartley submitted additional records directly to the

---

[1] On the last visit, the patient came in for a follow-up of his diabetes and hypertension and was noted to have "no other complaints." (Tr. 109). No independent findings were cited with regard to his diabetes and his blood pressure was 151/78. (Tr. 109). Some of the limitations on the form Dr. McDougal completed were attributed to a fear of heights or hearing loss, neither of which the doctor investigated. Dr. McDougal also suggested obtaining a functional capacity evaluation. (Tr. 109).

Appeals Council which were never seen by the ALJ. (Tr. 126-129). This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . " 42 U.S.C. Section 405(g). The statute provides that a claimant must prove that the additional evidence is both "material" and that "good cause" existed for its not having been submitted at an earlier proceeding. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988). In the present action, the plaintiff has not met his burden of proof by adducing arguments as to why such a remand would be appropriate.

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 23 day of November, 2005.

G. WIX UNTHANK
SENIOR JUDGE